**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4236

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIUS SHAKEE TOOMER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00266-WO-1)

Submitted:  October 18, 2022                    Decided:  October 20, 2022

Before WYNN and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**: Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Ashley E. Waid, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Shakee Toomer pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced Toomer to a total of 152 months' imprisonment, a sentence within his advisory Sentencing Guidelines range.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Toomer's sentence is substantively reasonable.  Toomer was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government moves to dismiss the appeal pursuant to the appellate waiver in Toomer's plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Our review of the record confirms that Toomer knowingly and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Toomer's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Toomer, in writing, of the right to petition the Supreme Court of the United States for further review. If Toomer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Toomer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3